Davis, J.
This case, at the bottom, presents the same question which was considered in State v. Lynch, ante, 336; but it is reported separately on account of certain questions of practice, which follow. The case was submitted by both parties to be considered and decided with State v. Lynch, subject however to the consideration and decision of the objections to the record, made in behalf of the state. Such of these objections as we deem material to the rights of the state herein, we have fully considered and disposed of as indicated.
The case was begun in the probate court of Logan county, upon an affidavit by the prosecuting attorney charging the defendant with unlawfully selling intoxicating liquor to one B. E. Drake, to be used as a beverage, contrary to the statute (99 O. L., 35), and also charging defendant with unlawfully furnishing- intoxicating- liquors to one B. E. Drake, to be used as a beverage, contrary to the same statute. The case was tried in the probate court without the intervention of a jury, and the defendant was found guilty of furnishing intoxicating- liquor as charged in the second count, and was sentenced to pay a fine of seventy-five dollars and the costs of prosecution, and, as a part of the sentence, there being no workhouse in Logan county, but the county having a contract with the authorities of the Columbus City Work *345 house, in Columbus, Franklin county, Ohio, the defendant was sentenced to be committed to the Columbus City Workhouse, and kept at hard labor until the fine and costs are paid or secured to be paid, or until he has discharged the same by a credit of sixty cents per day against the amount of said fine and costs for each and every day he is confined therein, or he is otherwise legally discharged from the payment of said fine and costs. The court suspended the execution of the sentence for a period of ten days for the preparation, allowance and filing of a bill of exceptions, which bill was, allowed' and signed by the judge of the probate court within the ten days.
The defendant prosecuted error in the court of common pleas; and that court reversed the judgment of the probate court, on the ground that the facts disclosed in the record did not constitute a crime under the statute. The state then prosecuted error in the circuit court, where the judgment of the court of common pleas was affirmed on the ground above stated and also because the judgment of the probate court was erroneous in that it was contrary to the ruling in Lemmon v. State, 77 Ohio St., 427. The state now prosecutes error in this court to reverse the judgments of the circuit court and the court of common pleas and to affirm the judgment of the probate court.
It is contended by the state that Lemmon v. State, ut supra, does not apply here. The ruling in that case is based on a construction of the statutes as applied to the facts of that case. The principal difference between that case and this is that Lucas county has within it a workhouse and *346 Logan county has not. We see no reason to extend Lemmon v. State beyond the facts stated therein.
But in this court, for the first time in the progress of the case, it is objected that there is no bill of exceptions; and in support of that objection it is urged, first, that under the provisions of Section 7304, Revised Statutes, the taking of bills of exceptions must be governed by Sections 5301, 5301a, 5301 & and 5302, Revised Statutes. This view of the law would seem to be correct; but it does not appear in the record, nor in the bill of exceptions itself, that the formalities required by the statute were not complied with. At any rate, a bill of exceptions certified to contain all of the evidence that was offered and given on the trial, and found to be true, and allowed and signed by the probate judge, is in the record. The presumption is that notice was given to counsel and that the proper steps were complied with, although the record is silent as to those matters. Findlay Brewing Co. v. Brown, 62 Ohio St., 202; Felch, Assignee, v. Hodgman Mfg. Co. et al., 62 Ohio St., 312. And this is the rule notwithstanding it may not appear, from the record, that a motion for a new trial had been made and overruled. If the question here were whether the judgment below was against the weight of the evidence, a motion for a new trial would be necessary; but the question being whether the trial court properly applied the law to the facts, the absence of a motion for a new trial is not material.
But it is settled law that objections of this kind cannot be made in the court of last resort for the *347 first time. Lessee of Perkins v. Dibble, 10 Ohio, 433; Lewis v. Bank, 12 Ohio, 132, 148; Seymour v. Railway Co., 44 Ohio St., 12, 15; Railway Co. v. Construction Co., 49 Ohio St., 681. “Where a cause has been brought up for review from an intermediate court of appellate jurisdiction to the court of last resort, questions, other than such as go to the jurisdiction of the subject-matter, which were neither made in the court of first instance nor assigned for error in the intermediate court, will not be considered. Nor, with the limitation referred to, will a question which could have been, but was not, raised in the intermediate court be considered by the court of last resort.” 2 Cyc., 676.
The foregoing matters being therefore eliminated, the case is reduced to the same terms as State v. Lynch, ante, 336; and accordingly the judgment of the circuit court affirming the judgment of the court of common pleas reversing the judgment of the probate court, is

Affirmed.

Summers, C. J., Crew, Spear, Shauck and Price, JJ., concur.